574 S.E.2d 737

**In the Matter of James Graham BENNETT, Respondent.**

**No. 25570.**

Supreme Court of South Carolina.

Submitted Nov. 25, 2002.
Decided Dec. 23, 2002.

Henry B. Richardson, Jr., and Susan M. Johnston, both of Columbia, for Office of Disciplinary Counsel.

Irby E. Walker, Jr., of Conway, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an agreement pursuant to Rule 21, Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension for a period of up to two years, retroactive to October 17, 2000.[1] We accept the agreement and suspend respondent for eight months, retroactive to October 17, 2000. The following facts are set forth in the agreement.

---

1. Respondent was placed on interim suspension on October 17, 2000. *In re Bennett*, 342 S.C. 625, 539 S.E.2d 387 (2000).

### *Facts*

In August 2000, respondent was retained to represent the client, the seller, in a real estate closing. The buyer's loan amount of approximately $50,000 was entrusted to respondent, and respondent deposited the check into his trust account. After the closing, respondent issued a check to the client from his trust account in the amount of $49,547.04. The client deposited the check into his personal account. The trust account check was presented and returned twice for insufficient funds. Respondent failed to promptly respond to the client's inquiries into this matter. Subsequently, respondent negotiated a bank loan, from which a bank check for the sale proceeds was issued to the client.

In connection with ODC's full investigation of this matter, respondent acknowledged that he had not maintained proper control over his trust account and did not maintain the trust account in accordance with the requirements of Rule 417, SCACR. Respondent advised ODC that a member of his law office staff had misappropriated approximately $37,000 from the trust account and that this individual had been arrested.

Respondent commissioned an audit of his trust account. The audit revealed that, in a separate real estate matter in December 1999 in which respondent served as the closing attorney, an overpayment in the amount of $63,794.26 was made to the seller. Respondent advised ODC that he is attempting to contact this individual to arrange reimbursement for the overpayment.

The audit also uncovered errors in transactions where respondent made disbursements from the trust account taking into account earnest money that he had not actually received, further depleting the trust account.

Respondent has advised ODC that he has deposited personal funds into the trust account to ensure that no client suffers as a result of the theft or respondent's bookkeeping errors.

### *Law*

As a result of his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (failing to act with reasonable diligence

and promptness in representing a client); Rule 1.15(b) (failing to deliver funds to which the client is entitled to receive); Rule 5.3(b) (failing to ensure that a nonlawyer assistant's conduct is compatible with the professional responsibilities of the lawyer); and Rule 8.4(a) (violating the Rules of Professional Conduct).

Respondent has also violated the following provision of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct).

Additionally, respondent has violated Rule 417, SCACR (failing to maintain proper financial records).

### *Conclusion*

Respondent fully acknowledges that his actions in the aforementioned matters were in violation of the Rules of Professional Conduct, the Rules for Lawyer Disciplinary Enforcement, and Rule 417, SCACR. We hereby suspend respondent from the practice of law for eight months, retroactive to October 17, 2000.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.